UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENGSHEN XIA, | |
| Plaintiff, | |
| -against- | 24-CV-8105 (LLS) |
| NEW YORK CITY GOVERNMENT; NEW YORK CITY POLICE DEPARTMENT; FIRST PRECINCT; OFFICER FIAZ M. CHOWDHURY, | ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| Defendants. | |

LOUIS L. STANTON, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendant Officer Fiaz M. Chowdhury violated his rights when the officer did not investigate a crime reported by Plaintiff. In addition to Officer Chowdhury, Plaintiff also names as Defendants the New York City Government, the New York City Police Department ("NYPD"), and the First Precinct. By order dated April 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint, with 30 days' leave to file an amended complaint.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] On January 27, 2024, Plaintiff "reported a theft at 52 Williams St, where my property, an A4 sheet of paper, was stolen." (ECF

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

1, at 1.) Plaintiff "also reported the hotel staff for a crime related to deprivation of my rights." (*Id.*) Officer Chowdhury, however, "failed to investigate my report and threatened to arrest me if I called 911 again, which violated my rights to free speech and due process." (*Id.*)

In February 2024, Plaintiff "submitted a claim for damages to the New York City Comptroller's Office due to Officer Chowdhury's misconduct." (*Id.*) Plaintiff indicates that he has not received a response to this complaint.

On an unspecified date, Jocelyn Carter, who is not named as a defendant in this action, "authorized repeated room checks without resident consent, violating the Fourth Amendment, which protects against unreasonable searches and seizures." (*Id.*)

Finally, Plaintiff claims that "[o]n November 25, 2023, officers illegally evicted my family late at night." (*Id.*) Following this alleged eviction, and possibly related to it, Plaintiff's "wife made the decision to terminate her pregnancy in December 2023, resulting in the tragic loss of life." (*Id.* at 2.)

Plaintiff seeks an investigation into the alleged crime he reported. He also would like Officer Chowdhury to be arrested and forced to resign. He seeks money damages in compensation for the alleged violations of law.

After Plaintiff filed this action, he filed another lawsuit in this court, *see Xia v. New York City Gov't*, No. 25-CV-0409 (LTS) (S.D.N.Y.) ("*Xia II*"), where he alleges that on September 29, 2024, "[s]omeone had reported crimes," and then Plaintiff called 911 seven times to report crimes of robbery, harassment, and "falsely reported crimes." ECF 1:25-CV-0409, 1, at 2. Plaintiff also alleges that NYPD officers arrived and arrested him, "raising the suspicion that the arrest may have been racially motivated." (*Id.*)

3

## DISCUSSION

**A.     Claims against the NYPD and the First Precinct**

Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). New York law states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Thus, the NYPD and the First Precinct both lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."). Plaintiff's claims against the NYPD and the First Precinct are therefore dismissed. Plaintiff must assert his claims against the NYPD and the First Precinct against the City of New York, which is also a named defendant in this action.

**B.     Claims against the City of New York**

Plaintiff's claims against the City of New York must be dismissed because he does not state a claim against the municipality. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692

4

(1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

The complaint does not include any allegations suggesting that a New York City policy, custom, or practice caused Plaintiff to suffer a constitutional harm. The Court therefore dismisses the claims against the City of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     Claims against Officer Chowdhury

Plaintiff appears to assert two separate claims against Officer Chowdhury. First, he alleges that Officer Chowdhury failed to investigate Plaintiff's complaint that someone stole a piece of paper. The second claim relates to Officer Chowdhury's alleged statement to Plaintiff that Officer Chowdhury would arrest Plaintiff if he called 911 again, which the Court construes as a First Amendment retaliation claim. The Court dismisses both claims for failure to state a claim. The Court also denies Plaintiff's request that Officer Chowdhury be arrested.

#### 1.     Failure to investigate

The Court understands the complaint to be asserting that Officer Chowdhury failed to investigate Plaintiff's claim that a sheet of paper was stolen from him. Individuals, however, do not possess an affirmative right to an investigation of their claims by the government. *See DeShaney v. Winnebago Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[T]he Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not

5

deprive the individual."); *see also Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials.") (collecting cases).

Two exceptions to this no-duty-to-investigate rule apply: (1) if "the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 200; and (2) the government assumes some obligation when it affirmatively creates or increases the danger, *see Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993).

Plaintiff alleges no facts suggesting that his claims against Officer Chowdhury fall under either of the narrow exceptions to the general rule that there is no substantive due process right to an investigation. Accordingly, Plaintiff's claims concerning Officer Chowdhury's alleged failure to investigate his complaint are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. First Amendment retaliation

A private citizen alleging a First Amendment retaliation claim against a public official must show that "(1) he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendant's actions effectively chilled the exercise of his First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir.2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment."). Included as a protected interest under the First Amendment is "[t]he right[] to complain to public officials and to seek administrative and judicial relief." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994); *see, e.g., Kistner*

*v. City of Buffalo*, No. 21-CV-0526 (LJV) (JJM), 2023 WL 144915, at *13 (W.D.N.Y. Jan. 10, 2023) (holding that "an attempted 911 call to request an ambulance is protected speech"), *appeal dismissed*, No. 22-3058, 2024 WL 2525332 (2d Cir. May 24, 2024). To show that a defendant's action has chilled the exercise of speech under the First Amendment, a plaintiff "must typically allege 'actual chilling.'" *Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011).

Here, Plaintiff alleges that Officer Chowdhury informed Plaintiff that should he continue to call 911, Officer Chowdhury would have him arrested. While Plaintiff arguably can satisfy the first two elements of a retaliation claim – his right to complain to public officials and seek assistance is protected under the First Amendment and Officer Chowdhury indicated that he would arrest him if Plaintiff continued to call 911 – Plaintiff does not satisfy the third element, that Officer Chowdhury's statements chilled his speech. Indeed, in *Xia II*, Plaintiff alleges that on September 24, 2024, after Officer Chowdhury allegedly informed Plaintiff that he would arrest him if he called 911 again, Plaintiff called the police seven times on the same day. Because Plaintiff does not allege facts suggesting that Officer Chowdhury chilled his speech, he fails to state a First Amendment retaliation claim. The Court therefore dismisses this claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Private Prosecution

The Court must dismiss any claim Plaintiff may be asserting where he seeks the arrest of Officer Chowdhury because Plaintiff cannot initiate such a criminal prosecution. "[T]he decision to prosecute is solely within the discretion of the prosecutor*." Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff

lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses this claim, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).

**D.   Claims involving non-party New York City Comptroller**

To the extent Plaintiff seeks to assert a claim against the City Comptroller—that the Comptroller failed to investigate Plaintiff's complaint about Officer Chowdhury—this allegation does not state a claim because, as noted above, Plaintiff does not possess an affirmative right to an investigation of his complaint. *See DeShaney*, 489 U.S. at 196. Moreover, this allegation does not allege facts that would implicate the two narrow exceptions to this rule, *see id.*; *Dwares*, 985 F.2d at 98-99. Thus, the Court dismisses any claim Plaintiff may be asserting against the New York City Comptroller for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.   Claims involving non-party Jocelyn Carter**

Plaintiff asserts claims involving a non-party, Jocelyn Carter, who appears to be a manager of a building where Plaintiff previously resided. To the extent Plaintiff seeks to assert Fourth Amendment claims regarding Carter's permitting a search of Plaintiff's residence, Plaintiff does not allege any facts suggesting that Carter acted under the authority of state law.

To assert a claim under Section 1983, a plaintiff must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Accordingly, to the extent Plaintiff is attempting to assert Fourth Amendment

8

claims against Carter, who appears to be acting in her private capacity, the Court dismisses these claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(B)(ii).

**F.     Claims involving an eviction**

Plaintiff states that he was evicted from a residence on November 25, 2023, but he does not allege any additional facts regarding this incident, name individuals involved in his eviction, or otherwise describe this incident. The Court therefore cannot review this claim to determine whether Plaintiff has stated a claim showing that he is entitled to relief from a named defendant. *See* Fed. R. Civ. P. 8. The Court therefore dismisses this claim for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to his asserting this claim in an amended complaint. If Plaintiff seeks damages related to his eviction in *Xia II*, then he should proceed with the eviction claim in that action.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court finds that it would not be futile to grant Plaintiff leave to amend his complaint. Accordingly, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with **30 days' leave to replead**.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  September 16, 2025
        New York, New York

                                            *Louis L. Stanton*
                                            Louis L. Stanton
                                            U.S.D.J.